## United States District Court
## Central District of California

**A-M-E-N-D-E-D** to Reflect the Mandate of the U.S. Court of Appeals for the Ninth Circuit - VACATING THE FINE

**UNITED STATES OF AMERICA vs.**     **Docket No.**     LACR 10-01343(A) VAP

**Defendant**   [1] HENRIK SARDARIANI     **Social Security No.**   3  7  6  3
akas: None     (Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this    MONTH 08   DAY 27   YEAR 2012

**COUNSEL**     RICHARD MOSS and WILLIAM C. FLEMING, JR., Retained
(Name of Counsel)

**PLEA**   ☒ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Conspiracy, in Violation of 18 U.S.C. § 371, as Charged in Count One of the First Superseding Indictment; Wire Fraud, Aiding and Abetting and Causing an Act to be Done, in Violation of 18 U.S.C. §§ 1343, 2(A), as Charged in Counts 2, 3, and 4 of the First Superseding Indictment;  Unlawful Monetary Transactions, Aiding and Abetting and Causing an Act to be Done, in Violation of 18 U.S.C. §§ 1957, 2,  as Charged in Count 7 of the First Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $500, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $5,422,000  pursuant to 18 U.S.C. § 3663A.  The amount of restitution ordered shall be paid as set forth on the list attached to this judgment.

| VICTIM | AMOUNT | |
|---|---|---|
| Bith, LLC | $2,500,000 | (First Priority) |
| Gap Fund, LLC | $  800,000 | |
| Money USA | $1,650,000 | |
| Payam Amin | $  472,000 | |
| TOTAL: | $5,422,000 | |

USA vs.   [1] HENRIK SARDARIANI                              Docket No.:   LACR 10-01343(A) VAP

For the amounts of $800,000, $1,650,000, and $472,000, the defendant shall be held jointly and severally liable with co-defendant Hamlet Sardariani, for the amount of restitution ordered in this judgment.

For the amount of $2,500,000, the defendant shall be held jointly and severally liable with co-participants, Christopher Woods (CR11-00996), and Hamlet Sardariani, and Wanda Tenney for the amount of restitution ordered in this judgment.

The victims' recovery is limited to the amount of each victim's loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 20% of defendants's gross monthly income, but not less than $500.00, whichever is greater, during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Henrik Sardariani, is hereby committed on Counts 1, 2, 3, 4, and 7 of  the 15-Count First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months. This term consists of 120 months on each of Counts 2, 3, 4,  and 7 of the First Superseding Indictment, and 60 months on Count 1, all such terms to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years on each of Counts 1, 2, 3, 4, and 7, all such terms to run concurrently, under the following terms and conditions:

    1.       The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

    2.       The defendant shall not commit any violation of local, state or federal law or ordinance;

    3.       The defendant shall refrain from any unlawful use of a controlled substance.  The

USA vs.   [1] HENRIK SARDARIANI                           Docket No.:   LACR 10-01343(A) VAP

defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

4. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's substance abuse to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment as directed by the Probation Officer;

6. During the period of community supervision the defendant shall pay the special assessment, restitution and fine in accordance with this judgment's orders pertaining to such payment;

7. The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the conduct of the affairs of any business activity in the financial services sector, including, but not limited to, businesses engaged in the application for or servicing of loans, including mortgages and other loans secured by real property and loans to purchase or lease cars;

8. The defendant shall not to be employed in any capacity wherein he has custody, control or management of his employer's funds or other assets, such as financial account numbers, without the express prior approval of the Probation Officer;

9. The defendant shall not apply for, obtain, or possess any driver's license, Social Security number, birth certificate, passport or other means of identification, in any name other than the defendant's true legal name, without the prior written approval of the Probation Officer;

10. The defendant shall not use, for any purposes or in any manner, any name other than his true legal name or any means of identification of another person;

11. The defendant shall not apply for or obtain any loan, indebtedness or credit in an amount greater than $500.00, without the express written permission of the Probation Office;

12. The defendant shall not be employed in any position that requires licensing or certification by any local, state or federal agency without prior approval of the Probation Officer;

13. The defendant shall cooperate in the collection of a DNA sample from the defendant; and

| USA vs. | [1] HENRIK SARDARIANI | Docket No.: | LACR 10-01343(A) VAP |
|---|---|---|---|

14. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction, drug or alcohol dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

DEFENDANT INFORMED OF RIGHT TO APPEAL.

On Government's motion, the underlying indictment, and all remaining counts in the first superseding indictment, as it relates to defendant Henrik Sardariani, ORDERED dismissed.

The Court RECOMMENDS that the defendant be placed at the Bureau of Prisons facility, at Lompoc.

The Court RECOMMENDS that the defendant be placed at a facility in the Southern California area, wherein he will be allowed to participate in the 500 Hour Residential Drug Abuse Program (RDAP).

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| July 22, 2014 | | _Virginia A. Phillips_ |
|---|---|---|
| Date | | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| July 22, 2014 | By | M. Dillard |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.   [1] HENRIK SARDARIANI                    Docket No.:   LACR 10-01343(A) VAP

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

| | |
|---|---|
| USA vs.   [1] HENRIK SARDARIANI | Docket No.:   LACR 10-01343(A) VAP |

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

USA vs.   [1] HENRIK SARDARIANI                           Docket No.:   LACR 10-01343(A) VAP

Defendant noted on appeal on  
Defendant released on  
Mandate issued on  
Defendant's appeal determined on  
Defendant delivered on _____ to _____  
  at _____  
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date                    Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date                    Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

   (Signed)_____     _____
                Defendant                              Date

   _____     _____
   U. S. Probation Officer/Designated Witness          Date

| USA vs. | [1] HENRIK SARDARIANI | Docket No.: | LACR 10-01343(A) VAP |
|---|---|---|---|